CALEB H. BRADLEY *v.* BENJAMIN KENT'S EXECUTOR.

*Administration — Husband and Wife — Witness — Notice of Claim to Executor.*

The wife of an executor cannot testify in a suit wherein he is a party.

The law does not imply a promise for payment of board as between near relatives, as father and child, and in order to recover for the same there must be an express promise proven.

There being no order by the Register of Wills requiring the executor to advertise the grant of letters testamentary, notice in writing of a claim against the estate was not necessary; but notice, though not in writing, before final account was passed and distribution of the residue is sufficient.

(*New Castle, 1886.*)

ASSUMPSIT for the board of Benjamin Kent, deceased, and his wife, on the express promise to pay out of his estate for the same.

The plaintiff's wife was a daughter of the deceased. The promise was to pay in his lifetime if he was able, and if not, out of his estate after his death if he left enough to pay it.

Anna B. White, testified, am a daughter of the plaintiff by his first wife. Benjamin Kent and wife lived at my father's house during the years 1877, 1878 and 1879. They lived very comforably and such board was worth five dollars per week.

Moses Rambo, sworn : Was witness to the following instrument which was signed by Benjamin Kent.

" 9th mo. 23, 1878.

" Since our residence has been with Caleb and Anne Bradley we have not paid them anything on account of our board, they being willing to wait on us and to allow payment depend on our means. We hope to be able to pay them, but should they not be paid in our lifetime, I promise that they shall be paid with interest out of my estate, if sufficient estate is left.

BENJAMIN KENT."

Attest,
MOSES RAMBO."

*Benjamin Nields*, for the defendant, moved a non-suit on the ground that it appeared from the evidence that the action was not commenced within three years after the cause of it accrued, the act of limitations being pleaded.

THE COURT overruled the motion for a non-suit.

Patience W. Kent testified : Am wife of the defendant—.

Counsel for the plaintiff objects to her competency for that reason.

Counsel for the defendant replied that the defendant was sued as executor, or as a trustee, and as such the relation of a wife to him could exist between him and the witness.

THE COURT sustained the objection and excluded the testimony.

Henry S. Kent affirmed : I am the defendant. I never had any notice or knowledge of the written agreement or promise

of Benjamin Kent to pay for board, until after I had, as executor, passed my distributive account on his estate.

Evidence denying the genuineness of the signature " Benjamin Kent " was offered.

*Anthony Higgins* and *George H. Bates*, for the plaintiff:

*Benjamin Nields*, for the defendant, asked the Court to charge the jury as follows:

That Benjamin Kent's promise to pay was a promise to the Bradleys, jointly, and that as Anne had died, no action could be brought by the survivor, individually; that the plaintiff in his bill of particulars, had made no reference to the written promise, it could not, therefore, be considered; that the law does not imply a promise on the part of Benjamin Kent to pay board to a son-in-law; that even if the jnry be satisfied that there was an express promise, but there had been no notice of the claim to the executor until after the estate was closed, no judgment can be rendered against the executor; that the letter of the plaintiff to B. Lundy Kent, dated July 20, 1882, was not notice to the executor; that if the jury be satisfied that the signature of Benjamin Kent is genuine, then the claim is barred by the statute of limitations.

COMEGYS, C. J., charged the jury:

The promise was a promise by both parties and that as the wife had died the plaintiff could bring suit for himself and wife: Where an action is on a paper writing and is also on general counts no special agreement is necessary: The law does not imply payment of board where the relative is intimate, as for instance, between a father and child; there is no proof before you in this case that any order had been made by the Register of Wills requiring the executor in this case to advertise the grant of letters testamentary to him on the estate of Benjamin Kent, deceased, as provided for in the second paragraph of Section 41 of Chapter 89, Revised Code, 550, 551, and therefore the provisions of third paragraph of the said section could have no application to this case, and consequently notice of the claim in writing was not necessary in this case. It was sufficient in this case if the executor had notice of the claim before the final account was passed and the residue was

distributed, without its being in writing. The question of the genuineness of the signature lies with the jury and if they believe the signature is not genuine, then the claim is barred by the statute of limitation.

Verdict for the plaintiff.